LAND, J.
Plaintiff sued to recover of defendant as sheriff and ex officio tax collector for the parish of Jackson, the sum of $2,223.- *599 23, with legal interest thereon from date of judgment.
The petition represents that said sum is the balance of certain special public school taxes collected by the defendant, and unlawfully retained by him as commissions on the amounts collected.
The petition further represents that under Act No. 181 of 1908, the defendant was not authorized or permitted to retain said amount or any part thereof.
The defendant for answer admits the collection of the special school taxes, and the retention of 5 per cent, commission out of all taxes collected, as alleged in the petition; but specially denies that he has retained the same without authority of law. The answer avers that under article 120 of the Constitution of 1898, the defendant is entitled to retain a commission of 5 per cent, on all sums collected and paid over to the proper authority. The answer further avers that Act No. 181 of 1908 is unconstitutional in so far as it attempts to require the defendant to perform service and the collection of special school taxes without just and adequate compensation. In the alternative, the defendant avers that under said act, the state, parish, levee, and poll taxes, and licenses, on which defendant is entitled to retain a commission of 5 per cent, do not amount to the sum of $50,-000, and therefore he is entitled to retain such commission on all sums collected and paid over. Defendant further avers that the electors of the parish of Jackson have voted a special tax of three mills on the dollar on all taxable property within the limits of said parish for the purpose of building and equipping a courthouse and jail; that said special tax is in excess of the constitutional limit of ten mills for parochial purposes levied and collected for the years 1913 and 1914, and is not therefore a parish tax within the meaning of the Constitution of the state.
Defendant further avers that said three-mill tax is included in the suit, and without said tax, the total sum of state, parish, levee, and poll taxes, and licenses, would not exceed the sum of $50,000, and therefore defendant would be entitled to the commission aforesaid on all sums collected and paid over.
The statement of facts shows defendant’s-tax collections as follows:
Eor Fiscal Year 1913-1914.
State, parish, poll, and license taxes $46,940.00' Courthouse and jail tax........... 8,537.63
$55,477.63
For Year 1914-1915.
State, parish, poll, and license taxes $46,761.24 Courthouse and jail tax........... 8,103.85
Total ....................... $54,865.09
Special school taxes not included... $44,464.93
The case was tried, and was submitted to the court, for decision at chambers. Judgment was rendered in favor of the plaintiff as prayed for, and the defendant has appealed.
The judge belo-w assigned his reasons for judgment in a well-considered opinion.
The second paragraph of article 120 of the Constitution of 1898 reads as follows:
“The compensation of sheriffs as tax collectors shall not exceed five per cent, on all sums-collected and paid over.”
This provision is a restriction on the' legislative power, and leaves the General Assembly free to fix the compensation of tax .collectors as much below the maximum of 5 per cent, as may be deemed advisable. Article 120 of the Constitution does not fix such compensation. Hence, whatever rights the-defendant may have in the premises must be derived from Act. No. 181 of 1908, the last law on the subject-matter of the compensation of tax collectors.
That statute was in force when the defendant was elected to the office of sheriff and ex officio tax collector for the parish of *601 Jackson, and he is presumed to have accepted the office, with its emoluments as fixed by the existing law. The defendant had no vested right in a commission of 5 per cent, under article 120 of the Constitution, as the Legislature had the power to fix the percentage at a lower rate, either directly or indirectly by requiring the collector to collect some of the taxes without additional compensation.
In 1907 the General Assembly, in response to the demand of the people, enacted Act No. II of the Extra Session of that year, which, after making radical cuts in the commissions of tax collectors, provided that:
“No sheriff and ex officio tax collector shall receive any compensation, whatsoever, for the collection of any special tax that has been or may be voted by the taxpayers of any parish, or any subdivision thereof for the support of public schools, the maintenance thereof, or the erection of a public school building or buildings, or any and all special road taxes voted by the people of any parish or subdivision thereof.”
This statute was modified in a number of respects by Act No. 181 of 1908; and for the proviso relating to special taxes for public schools, etc., was substituted an enactment as follows:
“Provided further that no sheriff and ex officio tax collector shall receive any compensation for the collection of special school taxes except in parishes where the total amount of state, parish, levee and poll taxes and licenses collected do not amount to $50,000. Be it further provided that in parishes where the collection of state, parish, levee and poll taxes and licenses do not amount to $50,00'D, the sheriff and ex officio tax collector shall receive five per cent, on amount collected and actually paid into the state and parish treasury or to the authority designated to receive the same.”
Defendant’s contention that he is entitled to retain commissions upon collections of special public school taxes is based on the predicate that the collections made by him of special taxes for the construction, etc., of a courthouse and jail should not be counted, because they are not parish taxes.
We do not think that there is any merit in this contention. The construction and maintenance of such buildings are plainly for parish purposes. The police jury of each parish is bound to provide a good and sufficient courthouse, with proper rooms for jurors; and also a good and sufficient jail. Section 2746, R. S. 1870. Whether the necessary funds be provided by general or special taxation the tax so levied is a parish tax. Under article 232 of the Constitution of 1898, any parish, municipal corporation, ward, or school district may levy a special tax, in excess of the ten mill limitation, for the construction of public buildings, etc., after having been duly authorized so to do by a majority vote of the property taxpayers of such parish, municipality, ward, or school district. Such special tax is merely an extension of the general tax levied for public purposes. The special tax in question is necessarily a parish tax, as it is levied for parish purposes. The case of Fullilove v. Police Jury, 51 La. Ann. 359, 25 South. 302, has no application, as it involved a special railroad tax voted by a ward of the parish.
Judgment affirmed.